```
                UNITED STATES DISTRICT COURT

                  EASTERN DISTRICT OF CALIFORNIA


HAROLD WALKER,                   ) 1:04-cv-6329-REC-SMS
                                 )
            Plaintiff,           ) FINDINGS AND RECOMMENDATION RE:
                                 ) PLAINTIFF'S MOTION FOR INJUNCTIVE
                                 ) RELIEF (DOC. 19)
     v.                          )
                                 )
FRESNO POLICE DEPARTMENT, et     )
al.,                             )
            Defendants.          )
                                 )
_____)
```

Plaintiff is a state prisoner confined in Wasco State Prison who is proceeding pro se with an action concerning alleged civil right violations pursuant to 42 U.S.C. § 1983. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Pending before the Court is Plaintiff's motion, filed on March 29, 2005, for a court order requiring that he be given access to the law library, to other legal materials, and to the Court. The Court interprets this motion as a request for injunctive relief.

Plaintiff filed his complaint on September 29, 2004; the case has been scheduled, and the first deadlines for discovery are in February 2006. No motions or other matters requiring

1

immediate compliance are presently pending in this action. Plaintiff states (not under penalty of perjury) that he was denied access to the law library, unspecified legal materials, and a scheduling conference. He states that he is indigent and does not have the resources to make copies.

The Court is continuing to address the scheduling of this case by separate order.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

With respect to law library access, a preliminary injunction does not serve the purpose of ensuring that a plaintiff is able to litigate this action effectively or efficiently. A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court

2

must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the Court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). This action is proceeding against defendant on Plaintiff's claim that Defendants, police officers and the Fresno City Police Department, used excessive force in arresting Plaintiff in July 2004, falsely accused Plaintiff of criminal conduct, and failed to obtain medical attention for some of the injuries that Plaintiff allegedly suffered at their hands. The issuance of the order sought by Plaintiff in his motion would not remedy the claim alleged in this action.  Accordingly, the Court lacks jurisdiction to issue such orders.[1]

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunctive relief, filed March 29, 2005, BE DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst,

---

[1] To the extent that prison officials are violating plaintiff's right of access to the courts, plaintiff is not precluded from raising a claim in a new action.  However, a preliminary injunction may not be issued in this case to remedy that claim.

3

1  951 F.2d 1153 (9th Cir. 1991).

3  IT IS SO ORDERED.

4  **Dated:   April 25, 2005**                              **/s/ Sandra M. Snyder**
   icido3                                                   UNITED STATES MAGISTRATE JUDGE