```
                    UNITED STATES DISTRICT COURT

                     EASTERN DISTRICT OF CALIFORNIA


HAROLD WALKER, ,                ) 1:04-CV-6329-REC-SMS
                                )
          Plaintiff,            ) ORDER DIRECTING THE CLERK TO
                                ) UPDATE THE DOCKET TO REFLECT
                                ) PLAINTIFF'S CHANGE OF ADDRESS
     v.                         ) (DOC. 28) AND TO RETURN SUBPOENAS
                                ) TO PLAINTIFF
FRESNO POLICE DEPARTMENT, et
al.,)                           ) ORDER DENYING PLAINTIFF'S MOTION
          Defendants.           ) TO COMPEL DISCOVERY (DOC. 30)
                                )
                                ) ORDER DIRECTING DEFENDANTS TO SET
                                  FILE OPPOSITION OR NOTICE OF NON-
                                  OPPOSITION TO PLAINTIFF'S MOTION
                                  FOR SUMMARY JUDGMENT (DOC. 31) NO
                                  LATER THAN JANUARY 25, 2006

                                  ORDER DISREGARDING SUBPOENAS

                                  INFORMATIONAL ORDER TO PRO SE
                                  PLAINTIFF RE: PROCEDURE TO FOLLOW
                                  FOR TRIAL SUBPOENAS
```

Plaintiff is a state prisoner confined in Centinela State Prison who is proceeding pro se with an action concerning alleged civil right violations pursuant to 42 U.S.C. § 1983. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Defendants have answered the complaint.

///

1

I. <u>Change of Address</u>

Although Plaintiff filed a notice of change of address on October 17, 2005, the docket has not been updated to reflect Plaintiff's change of address. The Clerk will be directed to update the docket.

II. <u>Plaintiff's Motion to Compel Discovery</u>

On December 19, 2005, Plaintiff filed a motion to compel discovery.[1]

Pursuant to the Court's amended scheduling order of June 1, 2005, the discovery deadline was October 28, 2005; non-dispositive motions were due to be filed no later than December 9, 2005.

Initially, the Court notes that some of the discovery sought by Plaintiff in his motion to compel was sought by Plaintiff after the discovery deadline had passed. Schwarzer and Tashima indicate that when a discovery cut-off date is scheduled pursuant to Rule 16, it generally limits the time to *complete* discovery, which means that the discovery must be served sufficiently in advance of the cut-off date to permit timely response by that date. California Practice Guide: Federal Civil Procedure before Trial at p. 11-61, citing <u>Gavenda v. Orleans County</u>, 182 F.R.D. 17, 20 (W.D.N.Y. 1997).

However, more fundamentally, Plaintiff's motion is without the discovery deadline, and thus it is untimely.

Rule 16(b) provides that a schedule shall not be modified except upon a showing of good cause and by leave of the district

---

[1] There is no indication that the discovery motion is connected in any fashion with Plaintiff's motion for summary judgment, filed eight days after the motion to compel was filed.

judge or, when authorized by local rule, by a magistrate judge. The diligence of the party seeking the extension is an important factor. Eckert Cold Storage, Inc. v. Behl, 943 F.Supp. 1230, 1233 (E.D. Cal. 1996) (regarding amending a schedule under Rule 16 with respect to amendment of pleadings).

Here, Plaintiff has not requested modification of the scheduling order, and he has not made a showing of good cause for modifying the scheduling order.

Accordingly, Plaintiff's motion to compel discovery will be denied as untimely.

III. Plaintiff's Motion for Summary Judgment

On December 27, 2005, Plaintiff filed a motion for summary judgment. Plaintiff filed a proof of service by mail of the motion on Defendant's counsel.

In the interest of the efficient administration of justice for the Court and for the parties, and in order to avoid confusion regarding the application of the local rules in cases where hearings are not set on such motions, the Court will set a briefing schedule for the filing of non-opposition to the motion, opposition, and any reply.

IV. Subpoenas

On December 15, 2005, the Court received from Plaintiff a stack of subpoenas directed to various persons to appear at the time set for trial of this case, namely, April 18, 2006.

Because Plaintiff has not followed the appropriate procedures regarding these subpoenas, they will be returned to Plaintiff by the Clerk and will be disregarded by the Court.

Plaintiff is informed of the following:

3

<u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u> - It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the court.

<u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness.  <u>Id</u>.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>.  28 U.S.C. § 1821.

If plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, plaintiff must first notify the court in writing of the name and location of each unincarcerated witness.  The court will calculate the travel expense for each unincarcerated witness and notify plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the court</u>.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is

4

required even if the party was granted leave to proceed in forma pauperis.

**If plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders to the court no later than forty days before trial.** In order to ensure timely submission of the money orders, plaintiff should notify the court of the names and locations of his witnesses, in compliance with step one, as soon as possible.

Accordingly, it IS ORDERED that

1) The Clerk IS DIRECTED to update the docket to reflect Plaintiff's change of address as noted in document 28, filed on October 17, 2005; and

2) Plaintiff's motion to compel discovery, filed on December 19, 2005, IS DENIED as untimely; and

3) Defendant SHALL FILE opposition or notice of non-opposition to Plaintiff's motion for summary judgment no later than January 27, 2006; and

4) If Defendant files opposition to the motion for summary judgment, Plaintiff may file a reply to the opposition no later than 15 days after the date on which the opposition was filed; and

5) The Clerk IS DIRECTED to return to Plaintiff the subpoenas received by the Court on December 15, 2005.

IT IS SO ORDERED.

**Dated:   January 12, 2006**             /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE

5