UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER, | ) 1:04-cv-6329-REC-SMS |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION RE: |
| | ) PLAINTIFF'S MOTION FOR INJUNCTIVE |
| | ) RELIEF (DOC. 36) |
| v. | ) |
| | ) ORDER DENYING PLAINTIFF'S REQUEST |
| FRESNO POLICE DEPARTMENT, et al., | ) FOR AN EXTENSION OF TIME AS MOOT |
| | ) (DOC. 36) |
| Defendants. | ) |
| | ) |

Plaintiff is a state prisoner confined in Centinela State Prison who is proceeding pro se with an action concerning alleged civil right violations pursuant to 42 U.S.C. § 1983. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Pending before the Court is Plaintiff's motion, filed on January 25, 2006, for a court order requiring that he be given access to the court and to the law library, and for an extension of time to file a reply to Defendant's opposition to Plaintiff's motion for summary judgment. The Court interprets this motion as a request for injunctive relief in addition to a request for an extension of time.

1

I. <u>Background</u>

Plaintiff filed a motion for summary judgment on December 27, 2005. Defendant opposed the motion on January 12, 2006; further, on January 13, 2006, Defendant filed a motion for summary judgment or, in the alternative, summary adjudication of issues. On February 2, 2006, Plaintiff filed a reply to Defendant's opposition to Plaintiff motion (entitled opposition to Defendant's opposition) as well as opposition to Defendant's motion for summary judgment. Plaintiff's filings included a separate statement of undisputed facts, a memorandum, and exhibits.

II. <u>Request for an Extension of Time</u>

Plaintiff's present request for an extension of time, signed by Plaintiff on January 18, 2006, does not advert to Defendant's motion for summary judgment. It is possible that Plaintiff was not aware of Defendant's motion when he filed the request. However, because Plaintiff has filed his reply as well as opposition to Defendant's motion, Plaintiff's request for an extension of time IS DENIED as moot.

III. <u>Injunctive Relief</u>

Plaintiff states (not under penalty of perjury) that he has been denied access to the law library and that he has not been able to reply in a timely manner in the past, and is not able presently to do so. He states generally that he has been denied access to the Court.

The purpose of a preliminary injunction is to preserve the

status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

With respect to law library access, a preliminary injunction does not serve the purpose of ensuring that a plaintiff is able to litigate this action effectively or efficiently. A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the Court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). This action is proceeding against defendant on Plaintiff's claim that Defendants, police officers and the Fresno City Police Department, used excessive force in arresting Plaintiff in July 2004, falsely accused Plaintiff of

3

criminal conduct, and failed to obtain medical attention for some of the injuries that Plaintiff allegedly suffered at their hands. The issuance of the order sought by Plaintiff in his motion would not remedy the claim alleged in this action. Accordingly, the Court lacks jurisdiction to issue such orders.[1]

Further, the Court notes that its docket, which documents Plaintiff's having opposed the Defendant's summary judgment motion and having replied to Defendant's opposition to Plaintiff's own motion, reflects that Plaintiff has not been denied access to the Court with respect to the pending motions for summary judgment; further, Plaintiff has filed responses which the Court will consider to be timely under the circumstances.

IV. Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunctive relief, filed January 25, 2006, BE DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

---

[1] To the extent that prison officials are violating plaintiff's right of access to the courts, plaintiff is not precluded from raising a claim in a new action. However, a preliminary injunction may not be issued in this case to remedy that claim.

4

failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 7, 2006**           /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE