IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER, ) | No. CV-F-04-6329 REC SMS |
| ) | |
| Plaintiff, ) | ORDER DIRECTING PARTIES TO |
| ) | FILE SUPPLEMENTAL BRIEFS |
| vs. ) | AND/OR SUPPLEMENTAL |
| ) | DECLARATIONS REGARDING HECK |
| FRESNO POLICE DEPARTMENT, ) | V. HUMPHREY. |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Currently before the Court are the parties' cross motions for summary judgment. Each party asks the Court to decide, among other things, whether Defendants used excessive force against Plaintiff on July 8, 2004, and July 9, 2004.

This Court is concerned with whether these claims are barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In Humphrey, the Court placed additional requirements on a prisoner making a claim under 42 U.S.C. section 1983 ("Section 1983"):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

1

> unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnotes omitted).

The jury in Plaintiff's criminal trial found him guilty of violating California Penal Code section 148(a)(1) on both July 8, 2004, and July 9, 2004.  Ratliff Decl. Ex. 2 at 1014:23-1015:3, 1016:2-8.  The Ninth Circuit has held that conviction under that section can invalidate a Section 1983 claim for excessive force where success "would necessarily imply or demonstrate that the plaintiff's earlier conviction was invalid."  Smith v. Hemet, 394 F.3d 689, 699 (9th Cir. 2005).  The Court held that an existing conviction would bar an excessive force claim unless "the use of excessive force occurred *subsequent to* the conduct on which his conviction was based."  Id. at 698 (emphasis in original).

**ACCORDINGLY**, the parties shall submit supplemental briefs and/or declarations as to whether Plaintiff's criminal convictions bar his excessive force claims under Heck.  Defendants' supplemental brief shall be filed by March 17, 2006.  Any response of Plaintiff shall be filed by March 31, 2006.  All further proceedings will be by order of this Court.

1  IT IS SO ORDERED.

2  **Dated:  March 2, 2006**           **/s/ Robert E. Coyle**
   810ha4                              UNITED STATES DISTRICT JUDGE